UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

KINZIE STEUBE,	Case No: 19cv522

        Plaintiff,

vs.

SANTANDER CONSUMER USA INC.
AND PHANTOM RECOVERY LLC,

        Defendants.

## COMPLAINT

NOW COME Plaintiff, Kinzie Steube, by and through her attorney, Heidi N. Miller, and complains of Defendants Santander Consumer USA Inc. and Phantom Recovery LLC and alleges to the best of her knowledge, information and belief formed after an inquiry reasonable under the circumstances, the following:

### INTRODUCTION

<u>Nature of the Action</u>

1. This lawsuit arises from the collection attempts of defendants.

2. Causes of Action herein are brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and the Wisconsin Consumer Act ("WCA"), Wis. Stat. 421 et seq.

<u>Jurisdiction and Venue</u>

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331, because the case arises under the laws of the United States.

4. This Court also has jurisdiction pursuant to 15 U.S.C. § 1692k(d) as it is an action to enforce liability created by the FDCPA within one year from the date on which the violation occurred

5. This Court has supplemental jurisdiction over the claims arising under the Wisconsin Consumer Act under 28 U.S.C. §1367, because the Wisconsin Consumer Act claims are related to the FDCPA claims as they arise under the same set of facts, becoming part of the same case or controversy under Article III of the United States Constitution.

6. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b)(2), because this is where the acts giving rise to the claim occurred.

7. Under 28 U.S.C. § 1391(c), a defendant corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction. Defendants are subject to personal jurisdiction in Wisconsin, as the actions giving rise to the lawsuit occurred in Wisconsin.

Parties

8. Plaintiff Kinze Steube (hereinafter "Ms. Steube") is a natural person who resides in County of Rock, State of Wisconsin.

9. Ms. Steube is a "consumer" as defined by 15 U.S.C. §1962a(3).

10. Defendant Santander Consumer USA Inc. ("Defendant Santander") is a foreign corporation with a principal office of 1601 Elm St., Ste 800, Dallas, TX 75201 and a registered agent of CT Corporation System, 301 S. Bedford St., Suite 1, Madison, WI 53703.

11. Defendant Capital One is a "creditor" as defined by 15 U.S.C. § 1692a(4) and a "debt collector" as defined by Wis. Stat. § 427.103(3).

12. Defendant Phantom Recovery LLC (hereinafter "Defendant Phantom Recovery") is a domestic business with a principal office of 2715 Autumn Ln, Janesville, WI 53546, and a registered agent of Daniel W Davenport, 1515 Yates Ave., Beloit, WI 53511.

13. Defendant Phantom Recovery regularly attempts to collect debts owed to others and is a "debt collector" as defined by 15 U.S.C. §1692a(6) and Wis. Stat. § 427.103(3).

14. Defendant Phantom Recovery is liable for the acts of its employees, agents, and independent contractors, and those of its subsidiaries and affiliates, under theories of respondeat superior, agency, and vicarious liability.

## BACKGROUND

15. In 2017 Ms. Steube purchased a 2017 Ford Fusion.

16. $24,566.70 was financed through Defendant Santander.

17. Sometime prior to June 26, 2019, Defendant Santander hired Defendant Phantom Recovery to repossess the vehicle.

18. On or around June 26, 2019, a representative from Defendant Phantom Recovery knocked on Ms. Steube's door.

19. She was told that her vehicle was going to be repossessed and was told that she had an opportunity to remove her personal belongings from the vehicle.

20. Ms. Steube objected to the repossession.

21. The representative from Defendant Phantom Recovery explained that they would be repossessing the vehicle, despite her objections.

22. The representative then told her that she needed to give up her keys, or the vehicle would be damaged in the repossession process.

23. Ms. Steube did not want the vehicle damaged, so she handed over the keys.

24. Ms. Steube did not give permission for Defendants to repossess the vehicle.

25. Ms. Steube did not voluntarily surrender or abandon the vehicle.

26. Defendant Santander did obtain a replevin judgment against Ms. Steube.

<u>Count 1 – Violations of the Fair Debt Collection Practices Act (15 U.S.C. §1692) –
Defendants Phantom Recovery</u>

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The foregoing deliberate acts by Defendant Phantom Recovery constitute violations of the FDCPA, including 15 U.S.C. § 1692f(6).

29. Specifically, Defendant Phantom Recovery could not legally take the vehicle due to the protest by Ms. Steube.

30. As a result of the above violation of the FDCPA, Ms. Steube suffered emotional distress and loss of property, constituting actual damages pursuant to 15 U.S.C. §1692k(a)(1).

31. Defendant Phantom Recovery is liable to Ms. Steube for her actual damages, statutory damages, and costs and attorneys' fees, as provided by 15 U.S.C. § 1692k.

<u>Count 2 – Violations of the Wisconsin Consumer Act
(Wis. Stat. § 425), as to all Defendants</u>

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. Repossessions are governed by Wis. Stat. § 425.206(2), which states, "In taking possession of collateral or leased goods, no merchant may do any of the following: (a) Commit a breach of the peace.  (b) Enter a dwelling used by the customer as a residence except at the voluntary request of a customer."

34. A breach of the peace occurs when the property is taken over the objection of the debtor. *Hollibush v. Ford Motor Credit Co.*, 508 N.W.2d 449 (WI Ct. App. 1993).

35. A breach of the peace occurred when the car was taken after Ms. Steube protested its taking.

36. Under Wis. Stat. § 425.305, Plaintiff is seeking return of the vehicle, release of the lien, the return of payments already made towards the car, punitive damages, that the deficiency balance be declared as not owed, and reimbursement of attorney fees and costs.

Count 3 – Violations of the Wisconsin Consumer Act
(Wis. Stat. 427), as to all Defendants

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. The amount that the Defendants were attempting to collect constitutes a "claim" as that term is defined at Wis. Stat. § 427.103(1).

39. The Defendants' conduct violated § 427.104(1)(h) in that the conduct as described herein could reasonably be expected to harass a person since the Defendants had no right to repossess the vehicle once they were on notice that Ms. Steube protested the repossession.

40. The Defendants' conduct violated § 427.104(1)(j) in that they did not have a right to repossess the vehicle as Ms. Steube was protesting the repossession.

41. As a result of the Defendants' illegal conduct, Ms. Steube has suffered emotional distress and mental anguish.

42. The Defendants are liable to Plaintiff for actual damages, statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorneys' fees, under Wis. Stat. § 427.105.

<u>Trial by Jury</u>

43. Plaintiff is entitled to, and hereby respectfully demands a trial by jury on all issues so triable.

WHEREFORE, Plaintiff prays that this Court will enter judgment against the Defendants as follows:

A. Actual damages pursuant to 15 U.S.C. §1692k(a)(1) against Defendant Phantom Recovery;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant Phantom Recovery;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) against Defendant Phantom Recovery;

D. Compensatory and punitive damages; voiding the lien on the Vehicle pursuant to Wis. Stat. § 425.305 and seeking the return of the vehicle; the return of all payments, including but not limited to principal, interest, and down payments; declaring the contract between the parties null and void; and reasonable attorney fees and costs against all Defendants.

E. Actual damages, statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorneys' fees, under Wis. Stat. § 427.105 against all Defendants;

F. for such other and further relief as may be just and proper.

Dated this 3rd day of July, 2019.

By: <u>s/ Heidi N. Miller</u>
Heidi N. Miller (WI # 1087696)
HNM Law, LLC
PO Box 26273
Wauwatosa, WI 53226
(414) 306-7000
Heidi@hnm-law.com

# VERIFICATION OF COMPLAINT AND CERTIFICATION

Pursuant to 28 U.S.C. § 1746, I, Kinzie Steube, declare under penalty of perjury the following:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____
Kinzie Steube